*271 OPINION.
Murdock:
The petitioner is a fiduciary. The beneficiaries had him appointed for the purpose of recovering property from the Alien Property Custodian and of distributing the net proceeds to them. There was no trust or other instrument directing him to retain or withhold any part of what he received beyond that necessary to defray expenses and charges on the estate. In computing and reporting the net income of the estate for income-tax purposes, the petitioner was entitled to deduct the amount of the income for the taxable year which was to be distributed currently by the fiduciary to the beneficiaries and/or the amount of the income for the taxable year which he properly paid or credited during the year to any beneficiary. Section 162(b) and (c) of the Eevenue Act of 1928. Here the petitioner properly paid or credited during, the year, to those entitled, all of the funds which reached his hands except 100 shares of Studebaker stock and $37,525 in cash. There was sufficient *272 corpus in the estate to pay all disbursements save the distributions to which the beneficiaries were entitled and practically all such disbursements were properly payable out of the corpus of the estate. The Studebaker stock was corpus and not income. Unless we hold that some part of the $37,525 cash in excess of the net loss was income, there is obviously no tax due from the estate for 1928 for, except for any income in the $37,525, the petitioner properly paid or credited during the year to the beneficiaries, all income for the year and any income which he received was to be distributed currently to the beneficiaries. If some allocation of the $37,525 between corpus and income should be, made, the part representing undistributed income would be offset by the net loss of $11,388.31 and by some considerable part of the $45,744.07 paid to the attorneys. Under all of the circumstances we are satisfied, without deciding various other questions raised, that there is no tax due from the estate. The petitioner may or may not be liable as a withholding agent, but this question is not before us.

Judgment will be entered for the 'petitioner.